**[Cite as *State v. Andrews*, 2026-Ohio-2754.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26AP0005 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD ANDREWS | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. 2025 CRC-I 000280 |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2026

---

STEVENSON, Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Wayne County Court of Common Pleas. This Court reverses.

I.

{¶2} Appellee, Chad Andrews, was indicted on three counts: (1) felonious assault under R.C. 2903.11(A)(2); (2) attempted felonious assault under R.C. 2903.11(A)(1); and (3) having weapons under disability. One week before his scheduled trial date, the trial court sua sponte dismissed Count 2 of the indictment. The court found that the State could not charge Mr. Andrews with attempted felonious assault because the felonious assault statute, as written, already included attempt as a means of committing that offense. It found that the State could not "create a new charge which would be 'an attempt of an attempt.'"

{¶3} Two days after its entry of dismissal, the trial court issued a second judgment entry. The court indicated that it had misread the indictment and code section under which Mr. Andrews

had been charged. Upon further review, the court found that the law supported a charge of attempted felonious assault under R.C. 2903.11(A)(1). It ordered its prior judgment entry of dismissal vacated and reinstated Count 2.

{¶4} Pursuant to motion, the trial court continued the scheduled trial date. The State then filed a notice of appeal, seeking to overturn the trial court's judgment entry of dismissal. The State secured a stay of the trial court proceedings, pending the resolution of the appeal.

{¶5} The State now appeals from the trial court's judgment of dismissal and assigns one error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DISMISSED COUNT TWO OF THE INDICTMENT ON THE GROUND THAT THE STATE WAS ATTEMPTING TO CHARGE AN IMPERMISSIBLE "ATTEMPT OF AN ATTEMPT," BECAUSE R.C. 2923.02 AND R.C. 2903.11(A)(1) EXPRESSLY AUTHORIZE THE OFFENSE OF ATTEMPTED FELONIOUS ASSAULT.

{¶6} In its sole assignment of error, the State argues the trial court erred when it dismissed Count 2 of the indictment. Specifically, it argues that attempted felonious assault is a valid, indictable offense under R.C. 2903.11(A)(1). We agree.

{¶7} The State is entitled to immediately appeal any decision that "grants a motion to dismiss all or any part of an indictment . . . ." R.C. 2945.67(A). "[A] judge's dismissal on [his] own motion is the equivalent of a decision granting a motion to dismiss pursuant to R.C. 2945.67(A)." *State v. Craig*, 2007-Ohio-5752, ¶ 15. The statute allows the State to appeal the dismissal regardless of "whether the dismissal is with or without prejudice." *Id.* at ¶ 16. "The adequacy of an indictment is a question of law, requiring a de novo review." (Emphasis omitted.) *State v. Hernon*, 2000 WL 14009, *2 (9th Dist. Dec. 29, 1999).

{¶8} We begin by addressing arguments Mr. Andrews has raised on appeal. Mr. Andrews does not take issue with the substantive aspects of the State's case. Instead, he urges us to dismiss the appeal as moot because no actual controversy exists. He notes that, following its sua sponte dismissal, the trial court conceded its own error and attempted to reinstate Count 2. Because the dismissal was without prejudice and there was no dispute that the court erred, Mr. Andrews argues, the State did not need to delay the matter by pursuing an appeal. Instead, the State could have reindicted Count 2 and allowed the matter to proceed in the trial court. Mr. Andrews asks this Court to dismiss the appeal for lack of an actual controversy.

{¶9} Upon review, we decline Mr. Andrews' invitation to dismiss the appeal. First, "trial courts generally lack authority to reconsider their own valid final judgments in criminal cases . . . ." *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 13. Mr. Andrews has not suggested that the trial court's error in dismissing Count 2 was clerical in nature or resulted in a void judgment such that the general rule would not apply. *See State v. Miller*, 2010-Ohio-5705, ¶ 14. While the trial court attempted to remedy its error, it lacked the authority to reconsider its dismissal. *See Womack* at ¶ 13. Thus, its later decision did not revive Count 2 or otherwise afford the State relief such that no actual controversy exists.

{¶10} Second, by statute, the State has the right to appeal the dismissal of all or part of an indictment even if the dismissal is without prejudice. *Craig*, 2007-Ohio-5752, at ¶ 16. The State, therefore, was not required to reindict Mr. Andrews in lieu of pursuing an appeal. Mr. Andrews' argument to the contrary lacks merit.

{¶11} R.C. 2903.02, the attempt statute, "'establishes an attempt to commit any offense as an offense itself'" with three exceptions. *State v. A.V.*, 2018-Ohio-785, ¶ 14 (9th Dist.), quoting R.C. 2923.02, 1974 Committee Comment to H 511. "Those exceptions are (1) 'an attempt to

commit conspiracy,' (2) 'an attempt to commit a minor misdemeanor,' and (3) 'an attempt to commit any offense which in itself is defined as an attempt[.]'" *State v. Duffield*, 2018-Ohio-1220, ¶ 15 (9th Dist.), quoting R.C. 2923.02, 1974 Committee Comment to H 511. Relevant to the third exception, an attempt to commit an attempt "is not an offense." R.C. 2923.02, 1974 Committee Comment to H 511.

{¶12} The felonious assault statute provides that no person shall knowingly do either of the following:

> (1) Cause serious physical harm to another or to another's unborn; [or]
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

R.C. 2903.11(A)(1), (2). As noted, Count 2 charged Mr. Andrews with attempted felonious assault under R.C. 2903.11(A)(1). Unlike subdivision (A)(2) of the statute, subdivision (A)(1) does not include attempt as a means of committing the offense of felonious assault. Thus, attempted felonious assault is a cognizable offense under R.C. 2903.11(A)(1). *See* R.C. 2923.02, 1974 Committee Comment to H 511. The trial court erred when it reached a contrary conclusion and dismissed Count 2 of the indictment. Accordingly, the State's sole assignment of error is sustained.

## III.

{¶13} The State's sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ANGELA WYPASEK, Prosecuting Attorney, and MICHAEL J. DEFIBAUGH, Assistant Prosecuting Attorney, for Appellant.

JOSEPH A. KACYON and ELI R. HELLER, Attorneys at Law, for Appellee.